**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

SAMUEL SHRAMKO,                    :        No. 3:25-CV-1328
          **Petitioner**        :

                          :        **(Judge Munley)**

   **v.**        :

                          :

BOBBI JO SALAMON,                    :
          **Respondent**        :

## MEMORANDUM

Petitioner Samuel Shramko initiated the above-captioned action by filing a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges his 2022 Pennsylvania judgment of sentence entered after pleading no contest to two counts of terroristic threats. Because there was no constitutional violation, the court will deny Shramko's habeas petition.

## I.    BACKGROUND

On February 21, 2022, Shramko was arrested after assaulting two different people (Anthony Gordon and Joel Phillip) at different locations in a shopping plaza. See Commonwealth v. Shramko, No. 2097 EDA 2023, 2024 WL 3791665, at *1, *3 (Pa. Super. Ct. Aug. 13, 2024) (nonprecedential). He was charged with multiple felony, misdemeanor, and summary offenses for the incidents. Id., at *3. Those charges included one count each of aggravated assault, strangulation, terroristic threats, simple assault, disorderly conduct,

harassment, and public drunkenness, and two counts of ethnic intimidation.  See id., at *1; Commonwealth v. Shramko, No. CP-45-CR-0000756-2022 (Pa. Ct. Com. Pl., Monroe Cnty.).  As the trial court noted, facing "two first-degree felonies, other crimes, and the attendant potentially significant jail time to which he was exposed, [Shramko], who has a prior record score of '5,' negotiated a no contest plea to only two misdemeanor offenses.  The plea took the two serious felonies, additional misdemeanors, and summary offenses off the table and very significantly reduced [Shramko]'s sentencing exposure."  Shramko, No. 2097 EDA 2023, 2024 WL 3791665, at *3 (quoting PCRA Ct. Op., 11/17/23, at 4-7).

As part of the negotiated plea, Shramko "specifically acknowledged, both in writing on the plea form he signed and orally in response to" the trial court's plea colloquy, that he had committed the offense of terroristic threats "***two times***."  See id., at *4.  He admitted that he "did this [terroristic threats] twice."  Id. (citing Written Plea Colloquy, dated Oct. 4, 2022, and filed Oct. 7, 2022; N.T., 10/4/2022, pp. 14-16)).  More specifically, in his written plea colloquy, Shramko admitted that "[o]n or [sic] February 21, 2022[,] in Monroe County, Pennsylvania[,] I directly communicated a threat to commit violence against Joel Phillip.  **I did this twice**."  Id. (quoting Written Plea Colloquy, 10/7/22, at 1) (first alteration in original).  In addition, the on-the-record plea colloquy reflects the following exchange:

> THE COURT: [On] February 21 of 2022, here in Monroe County, you directly communicated a threat of violence against Joel Phil[l]ip **and you did this twice**? You acknowledge the Commonwealth would be able to demonstrate those facts at trial, that you would not have an effective or a legal defense to those charges and those facts and that pleading no contest is in your best interest?
>
> [SHRAMKO]: Yes, sir, I do.
>
> THE COURT: And do you wish to, then, actually plead no contest to two different counts of terroristic threats?
>
> [SHRAMKO]: Yes, I do, sir.

Id., at *5 (quoting N.T. 10/4/22, at 15) (first alteration in original).

After Shramko pled *nolo contendere* (*i.e.*, no contest) on October 4, 2022, to two counts of terroristic threats, 18 PA. CONS. STAT. § 2706(a)(1), the Commonwealth filed an amended criminal information in accordance with the negotiated no-contest plea on October 13, 2022. Id., at *1. The two terroristic threat charges appeared at Counts 3 and 4 of the amended criminal information. Id., at *3.[1]

On December 20, 2022, Shramko was sentenced to 16 to 60 months' incarceration on the first terroristic threats charge (Count 3) and 16 to 36 months' incarceration on the second terroristic threats charge (Count 4). Id., at *1. Those

---

[1] The amended criminal information further charged Shramko with one count each of aggravated assault, disorderly conduct, harassment, public drunkenness, and strangulation, as well as two counts of ethnic intimidation. See id., at *3 n.4 (citing Amended Criminal Information, 10/13/22, at 1-2). Those additional charges were voluntarily dismissed (via *nolle prosequi*) by the prosecution. See id., at *1; (Doc. 1 at 2; Doc. 7 at 6).

sentences were ordered to run consecutively, resulting in an aggregate sentence of 32 to 96 months' imprisonment. Id.

Shramko did not file post-sentence motions or a direct appeal. Id. Instead, on March 2, 2023, he filed a *pro se* petition under Pennsylvania's Post Conviction Relief Act (PCRA), 42 PA. CONS. STAT. § 9541 *et seq.* Id. Counsel was appointed and filed an amended PCRA petition. Id. The PCRA court held an evidentiary hearing on July 17, 2023, and denied the petition that same day following the hearing. See id.

Shramko appealed, raising a single issue for review: whether the PCRA court erred as a matter of law by failing to merge Shramko's two sentences for terroristic threats, thus constituting an illegal sentence in violation of the merger doctrine under 42 PA. CONS. STAT. § 9765. Id., at *2. On August 13, 2024, the Superior Court of Pennsylvania denied Shramko's appeal and affirmed the PCRA court's denial of his PCRA petition. Id., at *1, *5-6.

Shramko did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania. (See Doc. 1 at 5). On July 8, 2025, he filed the instant Section 2254 petition in this court. (See generally Doc. 1; see id. at 15). Respondent timely responded on August 18, 2025. (See generally Doc. 7). Shramko did not file a traverse and the time to do so has passed, so his Section 2254 petition is therefore ripe for disposition.

4

## II.    STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. §§ 2241-2254, mandates that petitioners demonstrate that they have "exhausted the remedies available in the courts of the State" before seeking federal habeas relief.  Id. § 2254(b)(1)(A).  An exhausted claim is one that has been "fairly presented" to the state courts "by invoking one complete round of the State's established appellate review process," and which has been adjudicated on the merits.  Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999)); see also Johnson v. Williams, 568 U.S. 289, 302 (2013).

If a state prisoner has not fairly presented a claim to the state courts "but state law clearly forecloses review, exhaustion is excused, but the doctrine of procedural default may come into play."  Carpenter, 296 F.3d at 146 (citations omitted).  Generally, if a prisoner has procedurally defaulted on a claim by failing to raise it in state-court proceedings, a federal habeas court will not review the merits of the claim, even one that implicates constitutional concerns.  Martinez v. Ryan, 566 U.S. 1, 9 (2012) (citing Coleman v. Thompson, 501 U.S. 722, 747-48 (1991); Wainwright v. Sykes, 433 U.S. 72, 84-85 (1977)).

A few limited exceptions to this rule exist.  One exception is that "[a] prisoner may obtain federal review of a defaulted claim by showing cause for the

default and prejudice from a violation of federal law." Id. at 10 (citing Coleman, 501 U.S. at 750). "Cause for a procedural default exists where something external to the petitioner, something that cannot fairly be attributed to him[,] . . . impeded [his] efforts to comply with the State's procedural rule." Maples v. Thomas, 565 U.S. 266, 280 (2012) (alterations in original) (citations and internal quotation marks omitted). To establish prejudice, a petitioner must show not merely that errors existed that created a possibility of prejudice, but that they "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Holland v. Horn, 519 F.3d 107, 112 (3d Cir. 2008) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)). If the petitioner establishes cause and prejudice, the federal court reviews the claim *de novo* "because the state court did not consider the claim on the merits." Bey v. Superintendent Greene SCI, 856 F.3d 230, 236 (3d Cir. 2017), cert. denied sub nom. Gilmore v. Bey, 138 S. Ct. 740 (2018) (mem.) (citation omitted).

Another rare exception that excuses a procedural default is where the petitioner can establish that "failure to consider the claim will result in a fundamental 'miscarriage of justice.'" Carpenter, 296 F.3d at 146 (quoting Coleman, 501 U.S. at 750). To satisfy the "fundamental miscarriage of justice" exception, a petitioner typically has to demonstrate actual innocence. Leyva v. Williams, 504 F.3d 357, 366 (3d Cir. 2007) (citation omitted).

## III.    DISCUSSION

Shramko raises a single ground for relief in his Section 2254 petition.  He alleges that his plea counsel was constitutionally ineffective for failing "to preserve for state court appellate review the issue that the Commonwealth illegally amended the criminal information to include an additional first[-]degree misdemeanor charge of terroristic threats involving a separate and distinct threat a week <u>after</u> Shramko pled *Nolo Contendre* (no contest)."  (<u>See</u> Doc. 2 at 2-3 (some emphasis omitted)).

Shramko concedes that he did not properly raise this claim in state court and the time in which he could do so has passed, so the claim is procedurally defaulted.  (<u>See</u> <u>id.</u> at 3).  He argues that he can excuse his procedural default under the narrow exception found in <u>Martinez v. Ryan</u>, 566 U.S. 1 (2012).  (<u>See</u> <u>id.</u> at 4-6).

The court need not address exhaustion of state remedies or procedural default because Shramko's ineffective-assistance claim is patently meritless. The court will therefore deny his Section 2254 petition on the merits.  <u>See</u> 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

7

A collateral attack based on ineffective assistance of counsel in violation of the Sixth Amendment is governed by the familiar two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984).  To prevail on such a claim, a criminal defendant must demonstrate that (1) counsel's representation fell below an objective level of reasonableness based on prevailing professional norms, and (2) the deficient representation was prejudicial.  Id. at 687-88.  The defendant bears the burden of proving both prongs.  See id. at 687.

In determining whether counsel has satisfied the objective standard of reasonableness under the first prong, courts must be highly deferential toward counsel's conduct.  Id. at 689.  There is a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance.  See United States v. Gray, 878 F.2d 702, 710 (3d Cir. 1989).  Only a "rare claim" of ineffectiveness of counsel should succeed "under the properly deferential standard to be applied in scrutinizing counsel's performance."  Id. at 711 (citing Strickland, 466 U.S. at 689-90).  To satisfy the prejudice prong, the defendant must establish a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different.  Strickland, 466 U.S. at 694.  The district court need not conduct its analysis of the two prongs in a particular order or even address both prongs of the inquiry if the defendant

makes an insufficient showing in one.  See id. at 697; United States v. Lilly, 536 F.3d 190, 196 (3d Cir. 2008).

The gravamen of Shramko's habeas claim is that he believes that the Commonwealth violated his Fourteenth Amendment procedural due process rights by amending his criminal information to add a second terroristic threats charge "based upon a separate set of events" approximately a week after he had entered his no-contest plea.  (See Doc. 2 at 3, 8, 9).  Likely realizing that he did not raise this due process claim in state court and cannot do so now, he couches his claim as ineffective assistance of counsel in an attempt to avail himself of the Martinez v. Ryan exception to procedural default.  Shramko thus contends that, during the plea process, his attorney provided ineffective assistance by failing to assert a Fourteenth Amendment due process challenge to the post-plea amendment of his criminal information.

This ineffective-assistance claim is frivolous for at least two reasons.  First, the underlying Fourteenth Amendment procedural due process challenge is meritless, and an attorney cannot be found ineffective for failing to raise a meritless claim.  See Preston v. Superintendent Graterford SCI, 902 F.3d 365, 379 (3d Cir. 2018).  Second, Shramko's contention that his plea counsel should have preserved his due process claim for appellate review is illogical and contradictory on its face.

### 1.  No Underlying Due Process Violation

Whether an amendment to a criminal indictment or information is unlawful "is primarily a matter of state law." United States ex rel. Wojtycha v. Hopkins, 517 F.2d 420, 425 (3d Cir. 1975).  Nevertheless, such an amendment can have due process implications.  See id.  The touchstone of whether an amendment to a charging document is unlawful is prejudice to the accused.  See Commonwealth v. Mentzer, 18 A.3d 1200, 1202-03 (Pa. Super. Ct. 2011) (citations omitted) (emphasizing that key question is whether amendment was "prejudicial" to defendant); Commonwealth v. Sinclair, 897 A.2d 1218, 1221 (Pa. Super. Ct. 2006) (noting that purpose of Pennsylvania rule governing amendments to criminal informations—PA. R. CRIM. P. 564—is "to ensure that a defendant is fully apprised of the charges, and to *avoid prejudice* by prohibiting the last minute addition of alleged criminal acts of which the defendant is *uninformed*" (emphasis added)).

Here, the record establishes that there was no due process violation with the amendment to Shramko's criminal information.  Shramko was fully apprised of the facts and charges to which he was pleading no contest.  He specifically expressed understanding—both in writing and orally—that he was going to be charged with two separate counts of terroristic threats with respect to his actions toward Phillips, and he conceded that the government could prove such charges.

There simply was no prejudice to Shramko by the Commonwealth's amendment to his criminal information, which amendment occurred in order to conform to the facts stipulated during the plea colloquy and of which Shramko was fully apprised prior to entering his no-contest plea.

Because there was no underlying due process violation, Shramko's plea counsel cannot be found constitutionally ineffective for failing to assert such a claim in the trial court. See Preston, 902 F.3d at 379. Accordingly, Shramko's assertion that his attorney was ineffective for failing to preserve this claim for appeal is wholly meritless.

### 2.    Ineffective-Assistance Claim is Illogical

The second reason Shramko's Sixth Amendment claim fails is because it is nonsensical on its face. Shramko contends that his plea counsel was ineffective because he "failed to preserve for state court appellate review" a procedural due process challenge regarding the amendment to Shramko's information. However, to properly preserve this due process claim for appellate review, plea counsel would have been required to raise the issue in the trial court. See PA. R. APP. P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."); Commonwealth v. Kilgore, 690 A.2d 229, 230 (Pa. 1997) ("Matters not raised in the trial court cannot be considered on appeal." (citations omitted)).

11

Yet asserting that the Commonwealth's amendment to the information violated Shramko's constitutional rights undoubtedly would have scuttled the plea deal.  The plea bargain was expressly based on Shramko pleading no contest to two counts of terroristic threats, and the original information charged only a single count of terroristic threats.  It is plainly obvious that if counsel had challenged the Commonwealth's amendment to the information as unconstitutional, as Shramko now claims he should have, this would have undercut the very foundation of the plea deal counsel had successfully negotiated for his client.  In no way can Shramko's attorney be considered constitutionally ineffective for failing to challenge the legality of the terms of the plea deal he had just negotiated, especially one that—as the trial court noted—was extremely favorable to Shramko in light of the numerous, serious charges he was otherwise facing.

In short, Shramko's claim of ineffective assistance of counsel fails because the underlying due process claim is meritless.  It likewise fails because his attorney's conduct did not fall below the constitutional minimum or cause prejudice to Shramko.  As such, there is no need to consider whether Shramko can excuse his procedural default, and the court will deny his Section 2254 petition on the merits.  See 28 U.S.C. § 2254(b)(2).

12

## IV.    CONCLUSION

Based on the foregoing, the court will deny Shramko's petition for a writ of habeas corpus under 28 U.S.C. § 2254. The court will likewise deny a certificate of appealability, as Shramko has failed to make a substantial showing of the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), or that "jurists of reason would find it debatable" whether this court's procedural ruling is correct, Slack v. McDaniel, 529 U.S. 473, 484 (2000). An appropriate Order follows.

Date: 6/22/26

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

13